IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT G. MIRSKY, M.D.<br><br>-VS-<br><br>LIFE TIME FITNESS, INC., LTF CLUB OPERATIONS COMPANY, INC., ASHLEY SIKORA, JOHN DOE EMPLOYEES (fictitious names), ABC GROUPS (fictitious names), ABC MAINTENANCE COMPANY (fictitious names), JOHN DOE PATRON (fictitious names), and DEF CORPS (a class of fictitious names) | NO.: |

## NOTICE OF REMOVAL

Defendant, LTF Club Operating Company, Inc. d/b/a Life Time, Inc., incorrectly designated as Life Time Fitness, Inc. and LTF Club Operations Company, Inc., and Defendant, Ashley Sikora by and through their counsel, hereby files this Notice of Removal from the Superior Court of New Jersey, Law Division, Union County, to the United States District Court for the District of New Jersey and, in the support thereof, avers as follows:

1. On or about September 5, 2019, Robert G. Mirsky, M.D. (hereinafter "Plaintiff" filed a Complaint in the Superior Court of New Jersey, Law Division, Union County, which was docketed as UNN-L-3101-19. (A copy of Plaintiff's Complaint is attached hereto and identified as Exhibit "A").

2. Plaintiff served its Complaint on Defendants on or after September 16, 2019.

3. The present lawsuit is removable from State Court to District Court of the United States pursuant to 28 U.S.C. §1331 and §1441(a).

4. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a)

    5.    28 U.S.C. §1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

    6.    28 U.S.C. §1332(a)(1) states in pertinent part:

        a.    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

            (1) Citizens of different states;

28 U.S.C. §1332(a)(1).

    7.    Upon information and belief, the amount of Plaintiff's claim, if proven at trial, exceeds the federal jurisdictional limits of $75,000.00, as plaintiff claims severe personal injuries, great emotional and physical anxiety, pain, suffering and distress. See Exhibit "A"

    8.    According to Plaintiff's Complaint, the accident underlying this personal injury claim occurred on or about December 17, 2019 in Berkeley Heights, Union County, New Jersey.  (See Exhibit "A").

    9.    According to Plaintiff's Complaint, Plaintiff is a resident of New Jersey. (See Exhibit "A").

10. Defendant LTF Club Operating Company, Inc. is a Minnesota corporation with a principal place of business at 2902 Corporate Place, Chanhassen, MN 55317.

11. Defendant Ashley Sikora is a resident of New Jersey.

12. An exception to the requirement that removal be predicated upon complete diversity can arise when a diverse defendant can establish the non-diverse defendants were fraudulently named or joined solely to defeat diversity jurisdiction. In Re Briscoe, 448 F.3d 201, 215-216, citing Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1988).

13. To show a party was named solely to defeat diversity jurisdiction, a diverse defendant can show: 1) there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant; or 2) no real intention in good faith to prosecute the action against the defendants or seek a joint judgment. In Re Briscoe, at 217.

14. Here, Defendant Sikora was the general manager of the subject facility at the time of the alleged incident. She was and remains an employee of Defendant LTF Club Operating Company, Inc. d/b/a Life Time, Inc. It is not necessary to pursue claims against the general manager as they are just repetitive of claims being pursued as to the co-defendant corporation which owns the subject facility. Furthermore and significantly, Defendant Sikora was not at the subject facility the day of the alleged incident. Defendants' position is plaintiff does not intend to prosecute the action against individual defendant Ashely Sikora, nor seek a joint judgment. The proper party in interest is the corporate defendant and joining defendant Ashely Sikora only serves to destroy diversity jurisdiction.

15. Exclusion of Defendant Sikora results in Diversity of citizenship in the instant matter, and the United States District Court for the District of New Jersey thus has original jurisdiction pursuant to 28 U.S.C. §1332.

16. This notice is timely as it is being filed within thirty (30) days of the service of Plaintiff's Complaint.

17. The present lawsuit is removable from the State Court to the United States District Court of the District of New Jersey pursuant to 28 U.S.C. §1332 and §1441(a) and is hereby removed pursuant to those statutes.

18. Written notice of the filing of this Notice has been given to all parties as required by 28 U.S.C. §1446(d).

19. Defendant has submitted with this Notice copies of all relevant pleadings.

WHEREFORE, notice is given that this action is removed from the Superior Court of New Jersey for Union County to the United States District Court for the District of New Jersey.

**CONNOR, WEBER & OBERLIES**

BY:  /s/ Michael S. Mikulski II
Michael S. Mikulski II, Esquire
304 Harper Drive, Suite 201
Moorestown, NJ 08057
Telephone: (856) 780-3470
Attorney for Defendant, LTF Club Operating Company, Inc. d/b/a Life Time, Inc., incorrectly designated as Life Time Fitness, Inc. and LTF Club Operations Company, Inc., and Defendant, Ashley Sikora

## CERTIFICATE OF SERVICE

I, Michael S. Mikulski II, Esquire, attorney for LTF Club Operating Company, Inc. d/b/a Life Time, Inc. and Ashley Sikora, hereby certifies that, on this 1st day of October, 2019 that I served a true and correct copy of the foregoing Notice of Removal on the following person(s) via United States Mail:

Carol L. Forte, Esquire
Blume, Forte, Fried, Zerres & Molinari, P.C.
1 Main Street
Chatham, New Jersey 07928

**CONNOR, WEBER & OBERLIES**

BY: /s/ Michael S. Mikulski II
Michael S. Mikulski II, Esquire
304 Harper Drive, Suite 201
Moorestown, NJ 08057
Telephone: (856) 780-3470
Attorney for Defendant, LTF Club Operating Company, Inc. d/b/a Life Time, Inc., incorrectly designated as Life Time Fitness, Inc. and LTF Club Operations Company, Inc., and Defendant, Ashley Sikora